KOENIG, JULIE, Associate Judge,
dissenting.
Paragraph 31.9 of the marital settlement agreement provided in pertinent part that the former wife is equally hable with the former husband for the obligations of “Florida Non-Invasive or Southern States of which either party is personally liable.” (Emphasis added).
The former husband filed a motion for set-off against alimony and equitable distribution alleging:
Medicare has assessed liability against Florida Non Invasive, Inc. and/or Southern States, Inc. and has been deducting from Richard B. Bloom, D.O. monies due Richard B. Bloom, D.O. for its professional services rendered due to its assessments. The Respondent/Former Wife has not paid her 50% share of said indebtedness.
The former husband alleged in his answer brief that “Medicare is recouping its monies only from Former Husband’s P.A.” The parties stipulated that the $83,825.21 in payments “was deducted from his P.A.” The former husband testified at hearing and via his deposition:
I don’t feel that I personally owe any money. If [Medicare] weren’t collecting money from my Professional Association, they may feel differently. I don’t know that.... [A]s far as Richard Bloom or Eva Bloom, I’m not aware of Eva Bloom personally owing Medicare anything. I don’t personally owe Medicare anything.
Because Medicare is deducting the liabilities of Florida Non Invasive and Southern States from the former husband’s professional association, the condition precedent to the personal liability of the former husband or the former wife has not been met. In order for personal liability to fall upon the former wife, the former husband’s professional association first either must be unable to pay or be defunct, and Medicare then would have to sue and prevail over the former husband individually (or the former husband would have to stipulate to personal liability).
It appears from the language of the marital settlement agreement that the former wife was not considered to be a payor of equivalent standing to the former husband for the obligations of these two entities because paragraph 31.9 of the agreement further provided that:
if the Wife has to pay for such liability out of any of her capital, then she shall have the right to seek alimony against the Husband for any loss of income by way of *1319 interest on that capital provided that the Husband has the ability to pay and she proves need therefor.
Not paying the liability was not a “windfall.” The parties envisioned that if a judgment was placed against the former wife and caused loss of her property, she could recoup the income by additional alimony from the former husband.
The necessity for determination of personal liability for either the former husband or the former wife is unambiguously set out in the marital settlement agreement. Such personal liability determination is a condition precedent to cause each of the parties to be equally liable. See Dyser Plumbing Co. v. Ross Plumbing & Heating, Inc., 515 So.2d 250 (Fla. 2d DCA 1987).
Accordingly, I would reverse the judgment appealed from and remand the cause for entry of an order of dismissal without prejudice.
As far as an award of attorney’s fees to the former wife, I believe that under section 61.16, Florida Statutes (1995), the former husband has the superior ability to pay and under section 18.7 of the contractual agreement the former -wife is the prevailing party. She financially prevails in this court’s majority affirmance in that the former husband may set off only $7,907.80, because the former wife protected her periodic alimony of $3,000 per month.